UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON A. COVINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANGELO LEE, DELILAH STERIO, and Does 1 to 50,<br><br>　　　　　Defendants. | No. 2:21-cv-00679-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants Angelo Lee and Delilah Sterio's (collectively, "Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento due to lack of subject matter jurisdiction and DENIES Defendants' Motion to Proceed in Forma Pauperis as moot.

///

///

///

///

///

///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 21, 2020, Plaintiff Sharon A. Covington ("Plaintiff") brought an action for unlawful detainer against Defendants for possession of real property located at 5821 Anchor Bay Way, Elk Grove, California 95758 (the "Property"). (ECF No. 1 at 6.) On April 16, 2021, Defendants filed a Notice of Removal removing this unlawful detainer action from the Sacramento County Superior Court. (*See id.*)

### II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009), *superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1658, *and* 136 S. Ct. 1666 (2016); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

Alternatively, 28 U.S.C. § 1332 governs diversity jurisdiction. *See* 28 U.S.C. § 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* The burden of proving the amount in controversy depends on the allegations in the plaintiff's complaint. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998–1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).

### III. ANALYSIS

Defendants removed this action on the basis of federal question jurisdiction. (ECF No. 1 at 2–3.) To support their claim of federal question, Defendants argue Plaintiff's Complaint "intentionally fails to allege compliance with the Civil Rights Act of 1968[,] [T]enant Protection [A]ct of 2019" and also "intentionally violates the Federal Public Service Act[,] 42 U.S.C. [§] 264 [and] 42 [C.F.R. §] 70.2." (*Id.* at 2.) Defendants contend they are "member[s] of a protected class [for] whom the statute, the 'Civil Rights Act of 1968' was created." (*Id.* at 3.)

Despite Plaintiffs' assertion, it is clear the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 6–9.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Defendants do not explain how the federal laws and regulations to which they have cited are pleaded on the face of Plaintiff's Complaint. Plaintiffs' claim is not being brought pursuant to the Civil Rights Act of 1968, the Tenant Protection Act of 2019, or the Federal Public Service Act. Even if those laws did apply, however, it does not appear as though they would be part of Plaintiff's claim, but rather Defendants' defense. For Plaintiff's suit to "arise under" federal law, Plaintiff's "statement of [her] own cause of action" must "show[] that it is based upon [federal law]." *See Vaden*, 556 U.S. at 60–62.

3

Because the Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. As there are no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV.  CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento and DENIES Defendants' Motion to Proceed in Forma Pauperis (ECF No. 2) as moot.

IT IS SO ORDERED.

DATED: April 20, 2021

                                                      Troy L. Nunley
                                                      United States District Judge